IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                                    CRIMINAL ACTION NO. 6:12-cr-00210

LLOYD B. CARR

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Lloyd B. Carr's Motion to Vacate or Set Aside Notice of Judgment Lien, as amended. [ECF Nos. 162, 167]. For the following reasons, the motion is **DENIED**.

In May 2014, Mr. Carr was sentenced to 75 months of imprisonment followed by three years of supervised release after pleading guilty to aiding and abetting mail fraud in violation of 18 U.S.C. §§ 1341 and 1342. [ECF No. 61]. Mr. Carr was likewise ordered to pay $589,704.85 in restitution. *Id.* Now, nearly nine years after his sentence was imposed, Mr. Carr seeks an order vacating or setting aside the judgment[1] entered against him. [ECF No. 167].

In support of his motion, Mr. Carr states that the "General Judgment" against

---

[1] It is unclear from Mr. Carr's motion whether he is asking this court to set aside his judgment in its entirety, or simply the restitution ordered. Mr. Carr's motion uses the terms "general judgment," "default judgment," and "the judgment," interchangeably. The phrase "general judgment" seemingly refers to the judgment entered against Mr. Carr, in its entirety, while "default judgment" appears to refer only to Mr. Carr's restitution obligation. *See generally* [ECF No. 167]. Because of that ambiguity, and because Mr. Carr has filed the instant motion pro se, I will construe the motion as seeking both forms of relief.

him should be vacated or set aside "on the grounds of mistake, inadvertence, surprise or excusable neglect, fraud, misrepresentation, lack of notice, or other misconduct of an adverse party." *Id.* Mr. Carr further alleges that because he was "never served notice" of two lien documents sent by the United States Attorney's office to his landlord on April 6, 2022, the "default judgment" should never have been entered. *Id.* at 1, 4.[2]  While Mr. Carr's motion is riddled with procedural conundrums, it is evident to this court that he is attempting to circumvent his outstanding restitution obligations, without any legitimate basis to do so.

Mr. Carr's request is flawed for multiple reasons. First, in support of his arguments, Mr. Carr relies on Rule 60 of the Federal Rules of Civil Procedure, which allows a court to set aside a judgment for "lack of notice." *Id.* Rule 60(b)(1) provides that, among other things, a court "may relieve a party . . . from a final judgment" due to "mistake, inadvertence, surprise, or excusable neglect." However, Mr. Carr's apparent reliance on Rule 60 is misguided as the judgment at issue is based on a criminal conviction and is subject to the rules of criminal, *not civil,* procedure.[3]

Second, Mr. Carr's suggestion that the United States failed to provide him with notice of the judgment lien prior to contacting his landlord is unpersuasive. The judgment lien at issue arose immediately following entry of the criminal judgment

---

[2] Because no default judgment has ever been entered in this case, I construe Mr. Carr's reference to a "default judgment" to mean the restitution ordered as one part of his criminal judgment.

[3] The Government's "invocation of one of the civil remedies available to it in enforcing criminal monetary judgments"—e.g., 18 U.S.C. § 3613(f)—does not entitle the defendant to relief from his criminal judgment "predicated on the Federal Rules of Civil Procedure." *United States v. Haines*, 485 F. Supp. 2d 100, 103 (D. Conn. 2007).

against Mr. Carr and was recorded in July 2014. *See* 18 U.S.C. § 3613(c). Mr. Carr

likewise was well aware of—and explicitly agreed to—his restitution obligation when

he pled guilty to mail fraud *before* any judgment was entered against him. [ECF No.

38, at 2–4]. Mr. Carr cannot now, after pleading guilty and agreeing to pay

restitution, claim ignorance as to the lien issued against him following judgment.

Simply put, Mr. Carr knew that the United States would be taking steps to collect

restitution and that those steps would include seizing assets or property owned by

him—e.g., his security deposit.[4]

Third, even construing Mr. Carr's ambiguous motion as a motion to set aside

his entire judgment, including by any grounds available under the proper procedural

rules, the results would be the same. By signing his plea agreement, Mr. Carr waived

his right to appeal his sentence of imprisonment on "any ground whatsoever." [ECF

No. 38]. Because the final restitution ordered exceeded the $400,000 contemplated in

his plea agreement, Mr. Carr had the ability to challenge his restitution obligation

within 14 days of judgment. *Id.* However, Mr. Carr failed to file a notice of appeal

within 14 days, and thus waived his right to challenge his restitution obligation. *See*

Fed. R. App. P. 3; Fed R. App. P. 4; *see also* [ECF No. 61]. Mr. Carr likewise agreed,

by way of his plea agreement, not to object to the *methods* used by the government to

---

[4] In his motion, Mr. Carr states that "the judgment was satisfied, however, prior to Defendant being incarcerated." [ECF No. 167, at 2]. Mr. Carr has not satisfied his restitution obligation, of which more than $500,000 remains unpaid. Mr. Carr has apparently conflated his sentence, which has been served, his outstanding restitution obligation, and the special assessment—all of which are separate elements of his criminal judgment.

3

enforce the judgment. [ECF No. 38, at 3–4]. Mr. Carr cannot now, after nine years, seek to avoid accountability for his outstanding obligations.

For these reasons, Defendant's motion [ECF Nos. 162, 167] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant, all counsel of record, the United States Probation Office, and the United States Marshal.

ENTER:  April 24, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE