IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 6:12-cr-00210

LLOYD B. CARR

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Lloyd B. Carr's Motion to Recuse. [ECF No. 200].[1] For the following reasons, the Motion is **DENIED**.

## I. Background

In May 2014, Mr. Carr was sentenced to 75 months of imprisonment followed by three years of supervised release after pleading guilty to aiding and abetting mail fraud in violation of 18 U.S.C. §§ 1341 and 1342. [ECF No. 61]. Both Mr. Carr's guilty plea and sentencing phases were presided over by the Honorable Judge Thomas E. Johnston, now Chief Judge of this Court. *See* [ECF Nos. 36, 59].

On July 27, 2018, Mr. Carr filed a Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, claiming that his trial attorney had failed to effectively argue against the application of sentence enhancements based upon conduct from dismissed charges. [ECF No. 89]. The Motion was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of

---

[1] Although contained in a Motion to File a Notice of Appeal, Mr. Carr also seeks my recusal from the instant case. The latter issue—my recusal—is the subject of this Memorandum Opinion and Order.

factual findings and a recommended disposition. Magistrate Judge Aboulhosn entered his Proposed Findings and Recommendation ("PF&R") on September 3, 2020.[2] [ECF No. 101]. On October 19, 2020, I adopted the PF&R and dismissed the matter from the docket. [ECF No. 112]. On December 18, 2020,—after his release from prison—Mr. Carr appealed my Order to the Fourth Circuit Court of Appeals, who vacated the Order, and remanded for me to review *de novo* Mr. Carr's objections. [ECF No. 169, at 2]. I then denied Mr. Carr's § 2255 motion as moot, as it challenged only the length of Mr. Carr's incarceration, and Mr. Carr had already completed his sentence by that time. [ECF No. 181].

On June 21, 2023, I granted the United States' motion, [ECF No. 147], to increase Mr. Carr's monthly restitution payments to $500.00, based on a "material change in . . . [Mr. Carr's] economic circumstances" pursuant to 18 U.S.C. § 3664(k). *See* [ECF No. 199]. Shortly thereafter, Mr. Carr filed the instant Motion to appeal the change in his restitution payments and asking me to recuse myself. *See* [ECF No. 200]. Mr. Carr's appeal of my restitution order, [ECF No. 199], is currently before the Fourth Circuit, so my analysis will focus solely on his request for my recusal.

II. **Legal Standard**

Congress has specified several circumstances that require a judge to recuse himself from a proceeding. *See* 28 U.S.C. § 455. Based on Mr. Carr's allegations, two such circumstances are at issue here. First, the statute requires a federal judge to

---

[2] Mr. Carr was released from prison on November 19, 2019,—after filing his § 2255 motion but before Magistrate Judge Aboulhosn entered his PF&R—and thereafter began his three-year term of supervised release, which terminated on November 18, 2022. [ECF No. 156, at 2].

2

disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Second, a judge must disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "The test is an objective one: . . . a judge must disqualify himself whenever his 'impartiality might reasonably be questioned.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)); *see Rippo v. Baker*, 580 U.S. 285, 287 (2017) ("Recusal is required when, objectively speaking, 'the probability of actual bias on the part of the judge . . . is too high to be constitutionally tolerable.'") (internal citation omitted); *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016) ("The Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias.") (internal quotation marks omitted). However, "[a] presiding judge is not required to recuse himself simply because of unsupported or highly tenuous speculation." *Halscott Megaro, P.A. v. McCollum*, 66 F.4th 151, 163 (4th Cir. 2023). Rather, "the proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Beard*, 811 F.2d at 827.

When a movant's allegations regarding a judge's bias or partiality stem from the judicial proceedings within a case, the "extrajudicial source limitation" applies to the analysis under both § 455(a) and § 455(b)(1). *Liteky v. United States*, 510 U.S. 540, 554 (1994) ("[W]e think that the 'extrajudicial source' doctrine . . . applies to

3

§ 455(a)."); *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011) (recognizing that the *Liteky* Court concluded that "both § 455(a) and § 455(b)(1) carry an 'extrajudicial source' limitation"). The extrajudicial source limitation generally requires that "the bias or prejudice must 'result in an opinion on the merits [of a case] on some basis other than what the judge learned from his participation in the case.'" *Belue*, 640 F.3d at 572–73 (quoting *Liteky*, 510 U.S. at 545 n.1). It is called a "limitation" rather than a "doctrine" because the *Liteky* Court determined that an extrajudicial source of the bias is neither necessary nor sufficient for recusal. *Liteky*, 510 U.S. at 554–55; *Belue*, 640 F.3d at 573 ("[T]he [*Liteky*] Court was careful to not make the extrajudicial source limitation an ironclad rule.").

The Fourth Circuit has concluded that the *Liteky* Court set a "high bar" for recusals based on bias not stemming from an extrajudicial source. *Belue*, 640 F.3d at 573. "[I]f strong views on a matter were disqualifying—then a judge would hardly have the freedom to be a judge." *Id.* In addition, the Fourth Circuit concluded that the *Liteky* Court "has made crystal clear . . . that litigants may not make the trial judge into an issue simply because they dislike the court's approach or because they disagree with the ultimate outcome of their case." *United States v. Gordon*, 61 F.3d 263, 268 (4th Cir. 1995). "[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." *Belue*, 640 F.3d at 574. "Dissatisfaction with a judge's views on the merits of a case may present ample

4

grounds for appeal, but it rarely—if ever—presents a basis for recusal." *Id.* at 575 (citing *Liteky*, 510 U.S. at 555).

### III. Discussion

Mr. Carr primarily bases his recusal motion on an alleged delay in ruling on his § 2255 motion, as well as other assertions that I refused to appoint him counsel due to bias or prejudice against him. *See* [ECF No. 200]. He also alleges that the Court is heavily opinionated and presents only "highly selected facts that lean to a certain outcome." *Id.* at 1. Specifically, Mr. Carr claims that he "has noticed since the year 2014, when this case was tried that this Court and judge" are "hostile towards him, and [have] demonstrated harassment, bias or prejudice." [ECF No. 200, at 1]. However, I did not preside over Mr. Carr's criminal plea or sentencing. In fact, Mr. Carr did not appear on my docket until his case was reassigned to me on May 22, 2018. [ECF No. 84]. As such, only those events occurring after this date will be addressed as they relate to Mr. Carr's request for my recusal.

Mr. Carr first claims that I delayed ruling on his § 2255 motion until after his sentence was complete. This is demonstrably false. As the record indicates, I have resolved every motion filed by Mr. Carr with the necessary speed and thoroughness. I issued a final order regarding Mr. Carr's § 2255 Motion after remand from the Fourth Circuit. [ECF No. 181]. Though that order was issued approximately six months after the Fourth Circuit's remand, Mr. Carr faced no undue delay, as he had already been released from custody when the Fourth Circuit issued its order, and his motion was already moot. As such, I will not recuse myself on these grounds.

Mr. Carr also contends that I "turned [him] down numerous times for counsel to help represent [him] in court" because of my alleged bias or prejudice against him. [ECF No. 200, at 1]. However, the record is clear that I denied only one request for appointment of counsel by Mr. Carr and later declined to reconsider that decision. This singular denial was not based on any bias or prejudice that would require my recusal from this action.

Mr. Carr has not presented any persuasive argument that my rulings display a deep-seated "antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. He has also failed to show any impartiality on my part that might reasonably be questioned. Rather, he relies on "unsupported or highly tenuous speculation" as to bias and prejudice, which does not require my recusal. *Halscott Megaro, P.A.*, 66 F.4th at 163.

### IV. Conclusion

For the foregoing reasons, Mr. Carr's Motion for Recusal [ECF No. 200] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: November 14, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE